**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

HERMAN H. LeFORS, JR.                                                                                                    PLAINTIFF
ADC #138743

v.                                                         NO. 3:11CV00073 JLH

DAN LANGSTON, *et al.*                                                                                            DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge H. David Young and the objections filed. After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, adopted as this Court's findings, with the following additional comments.

Herman H. LeFors, Jr., contends that his right to self-representation is compromised by the fact that the Greene County Jail, where he is detained, does not have an adequate law library. According to his complaint, he was represented by court-appointed counsel whom he deems to be ineffective and therefore he has chosen to represent himself. In *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), the United States Supreme Court held that constitutional right of access to the courts requires prison officials to assist inmates in the preparation and filing of legal papers by providing adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. at 828, 97 S. Ct. at 1498. The Court also stated, "while adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision . . . does not foreclose alternative means to achieve that goal." *Id*. at 830, 97 S. Ct. at 1499. The courts have interpreted *Bounds* "to give the government the choice to provide either access to a law library or

access to counsel or other appropriate legal assistance." *United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010). When a defendant declines appointed counsel and decides to represent himself, that decision does not guarantee a right to a law library. *Id*. "The rule is that [the defendant] has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up." *Id*. (quoting *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000)). *See also Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996); *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990); *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982); *Kelsey v. State of Minn.*, 622 F.2d 956, 958 (8th Cir. 1980); *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978).

IT IS THEREFORE ORDERED that:

1. LeFors's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. All pending motions are DENIED.

3. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 2nd day of August, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE